UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRIQ BROCKINGTON,<br><br>    Plaintiff,<br>v.<br><br>C.O. GARCIA, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:20-CV-01575<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court is a motion for summary judgment (the "motion") filed by Defendants Garcia, Silver, Cebrick, Cipriani, Lewis, and Kehl (collectively, "Defendants"). (Doc. 33). *Pro se* Prisoner-Plaintiff Tyriq Brockington ("Brockington") initiated this action against Defendants by filing a complaint on September 1, 2020.[1] (Doc. 1). On September 28, 2020, Brockington filed an amended complaint against Defendants. (Doc. 7). At the time of filing, Brockington was incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). (Doc. 1, at 1). Defendants filed the motion on December 22, 2021, and filed a statement of facts and brief in support on January 5, 2022. (Doc. 33; Doc. 36; Doc. 37). The time for briefing has passed, Brockington has not filed a brief in opposition, and the motion

---

[1] Brockington filed his complaint with a form from the Western District of Pennsylvania, however, he filed his complaint in this Court and his amended complaint is composed on the correct form from the Middle District of Pennsylvania. (Doc. 1, at 1).

is now ripe for disposition.[2] (Doc. 38). For the following reasons, the Court will grant Defendants' motion for summary judgment. (Doc. 33).

I. **BACKGROUND AND PROCEDURAL HISTORY**

This factual background is taken from Defendants' statement of material facts and accompanying exhibits. (Doc. 36; Doc. 36-1; Doc. 36-2). Brockington has failed to file a response or a separate statement of material facts pursuant to Local Rule 56.1. Thus, all materials set forth in Defendants' statement of material facts will be deemed admitted pursuant to Local Rule 56.1. (Doc. 36). Pursuant to Local Rule 56.1, the Court accepts as true all undisputed material facts supported by the record. Where the record evinces a disputed fact, the Court will take notice. In addition, the facts have been taken in the light most favorable to Brockington as the non-moving party, with all reasonable inferences drawn in his favor.

The Pennsylvania Department of Corrections (hereinafter "Department") has established a formal policy and a procedures manual for inmates, which must be followed by inmates who file grievances while incarcerated at state correctional institutions operated by the Department. (Doc. 36, ¶ 1; Doc. 36-1, at 3). The purpose of a grievance is to allow an inmate to bring concerns and complaints to the attention of prison officials. (Doc. 36, ¶ 1; Doc. 36-1, at 3). All inmates, regardless of where they are housed in an institution, may file grievances. (Doc. 36, ¶ 2; Doc. 36-1, at 3). All inmates are provided with a copy of the grievance system policy and procedures manual in their inmate handbook when coming into one of the Department's diagnostic and classification centers and are provided notice of any

---

[2] On February 9, 2022, the Court ordered Brockington to file a brief in opposition to the motion on or before February 23, 2022. (Doc 38, at 1). As of the date of this Memorandum and corresponding Order, Brockington has not filed a brief in opposition to the motion.

revisions to the policy and procedures manual. (Doc. 36, ¶ 3; Doc. 36-1, at 3). In addition, when an inmate is assigned to a permanent institution, a copy of the grievance system policy and procedures manual is available on all housing blocks and in the institutional library for inmates to review or request to obtain copies. (Doc. 36, ¶ 3; Doc. 36-1, at 3). The grievance procedures are set forth in the Department's Administrative Directive 804 (DC-ADM 804), titled Inmate Grievance System. (Doc. 36, ¶ 4; Doc. 36-1, at 3). Pursuant to the DC-ADM 804, the Department has a three-tiered grievance system that serves as an inmate's administrative remedy: (1) an initial review by a Grievance Officer; (2) an appeal to the Facility Manager or designee; and (3) an appeal to the Secretary's Office of Inmate Grievance and Appeals for final review. (Doc. 36, ¶ 5; Doc. 36-1, at 4).

Pursuant to DC-ADM 804, an inmate who has been personally affected by a Department or facility action or policy is permitted to submit a grievance or appeal. (Doc. 36, ¶ 6; Doc. 36-1, at 3). Pursuant to DC-ADM 804, a grievance must be submitted in writing, using the grievance form available on all housing units or blocks, within 15 working days after the events noted in the grievance. (Doc. 36, ¶ 7; Doc. 36-1, at 4). A grievance must include the following: a statement of facts relevant to the claim including the date and approximate time and location of the event(s) giving rise to the grievance; the identity of any individuals who were directly involved in the event(s); any claims the inmate wishes to make concerning violations of Department directives, regulations, court orders, or other law; and any compensation or legal relief desired. (Doc. 36, ¶ 8; Doc. 36-1, at 4). Upon receipt, the Facility Grievance Coordinator assigns each grievance (even a rejected grievance) a tracking number and enters it into the Automated Inmate Grievance Tracking System. (Doc. 36, ¶ 9; Doc. 36-1, at 5).

If an inmate is dissatisfied with the initial response, he or she may appeal that decision to the Facility Manager. (Doc. 36, ¶ 10; Doc. 36-1, at 5). The Facility Manager then provides a written response to the grievance. (Doc. 36, ¶ 11; Doc. 36-1, at 5). The Facility Manager may uphold the response, uphold the inmate, dismiss the grievance (either as untimely or on the merits), or uphold in part and deny in part. (Doc. 36, ¶ 11; Do. 36-1, at 5). The Facility Manager may also remand the Initial Review Response for further investigation or consideration. (Doc. 36, ¶ 11; Doc. 36-1, at 5). If an inmate is not satisfied with the decision of the Facility Manager, he or she may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals. (Doc. 36, ¶ 12; Doc. 36-1, at 5). Only issues raised in both the original grievance and the appeal to the Facility Manager may be appealed to this level. (Doc. 36, ¶ 12; Doc. 36-1, at 5). That appeal must include the original grievance, the Initial Response Review, the appeal to the Facility Manager, the Facility Manager's response, and the appeal to final review with any exhibits. (Doc. 36, ¶ 13; Doc. 36-1, at 6). The Secretary's Office of Inmate Grievances and Appeals then may uphold the response, uphold the inmate, dismiss, or uphold in part and deny in part. (Doc. 36, ¶ 14; Doc. 36-1, at 6). An inmate has not exhausted the grievance procedure unless a grievance is properly appealed to the Secretary's Office of Inmate Grievances and Appeals. (Doc. 36, ¶ 15; Doc. 36-1, at 6).

Plaintiff Tyriq Brockington's original grievance resulted in an investigation being performed; after being informed that his grievance was denied in the initial response review, Brockington did not appeal this resolution to the facility manager. (Doc. 36, ¶ 16; Doc. 36-2, at 3). Neither did Brockington appeal his grievance to final review, and thus did not exhaust the grievance procedure. (Doc. 36, ¶ 17; Doc. 36-1, at 6). Brockington's original grievance does not request any monetary compensation. (Doc. 36, ¶ 18; Doc. 36-2, at 5).

II. **LEGAL STANDARDS**

    A. <u>MOTION FOR SUMMARY JUDGMENT</u>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes

such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

    B.  U<small>NOPPOSED</small> M<small>OTION</small>

Pursuant to Rule 7.6 of the Local Rules of Court for the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. The Court of Appeals for the Third Circuit has held that dismissal of a case for failure to comply with a local rule is a "drastic sanction" which should, with few exceptions, follow a merits analysis. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *see also Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009) (not precedential). A plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment."

*Anchorage Assocs. v. V. I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine, even for an unopposed summary judgment motion, whether the motion for summary judgment has been properly made and supported and whether granting summary judgment is appropriate. *Anchorage Assocs.*, 922 F.2d at 175.

In this case, Brockington has failed to submit any opposition to Defendants' motion for summary judgment. Therefore, the motion will be deemed unopposed. (Doc. 33). Moreover, because Brockington has failed to file a separate statement of material facts controverting the statement filed by Defendants, all materials set forth in Defendants' statement of material facts will be deemed admitted pursuant to Local Rule 56.1. (Doc. 36). Although Brockington is deemed not to have opposed this pending dispositive motion, the Court must nevertheless satisfy itself that Defendants have met their burden of production and therefore are entitled to summary judgment as a matter of law. *See Lorenzo v. Griffith*, 12 F.3d 23, 38 (3d Cir. 1993); *Anchorage Assocs.*, 922 F.2d at 174-75.

### III.  DISCUSSION

In their motion, Defendants argue that the Court should grant summary judgment in their favor because Brockington has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)a. (Doc. 37, at 1). Specifically, Defendants state that Brockington filed a grievance but failed to appeal the result and failed to include a request for monetary relief. (Doc. 37, at 7-8). In his complaint, Brockington alleges that Defendants came into his cell on the morning of December 30, 2019, and proceeded to beat him to such an extent that he was placed on a soft diet. (Doc. 7, at 4).

### A. FAILURE TO APPEAL

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). To "complete the administrative review process," means "substantial" compliance with the prison's grievance procedures. *See Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) (citing *Nyhuis*, 204 F.3d at 77-78). Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287, 289 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department. (Doc. 37, at 4-8). The Pennsylvania Department Inmate Grievance System policy, DC-ADM-804, is intended to deal with a wide range of issues, procedures, or events that are of concern to the inmate who is personally affected by a Department or facility action and policy. (Doc. 36-1, at 3). The policy provides a three-tiered inmate grievance system for the resolution of inmate grievances:

> After an attempt to resolve any problems informally, an inmate may submit a written grievance to the Facility's Grievance Coordinator for initial review.

> This must occur within fifteen days after the events upon which the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals [("SOIGA")]. An appeal to final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue.
>
> *McLean v. Harry*, No. 1:19-CV-81, 2020 WL 375742, at *2 (M.D. Pa. Jan. 23, 2020) (citations omitted); *see also* (Doc. 36-1, at 4).

DC-ADM-804 also includes a section for grievances regarding allegations of abuse. Pa. Dept. of Cor. Policy DC-ADM-804 Sec. 1.D. A grievance relating to inmate abuse shall be filed in compliance with Department policy DC-ADM 804, "Inmate Grievance System."[3] Pa. Dept. of Cor. Policy DC-ADM-001 IV.D.2. Such grievances "shall be handled in accordance with the Department policy DC-ADM 001, 'Inmate Abuse.'" Pa. Dept. of Cor. Policy DC-ADM-804 Sec. 1.D.2.

> A grievance dealing with allegations of abuse shall be handled in accordance with this procedures manual. This may extend the time for responding to the grievance, but will not alter the inmate's ability to appeal upon his/her receipt of the Initial Review Response. When a grievance is related to an allegation of abuse, the Grievance Coordinator will issue an Extension Notice to the inmate by checking the box "Notice of Investigation." The Initial Review Response will be completed by the assigned Grievance Officer when the results from BII are received.
>
> Pa. Dept. of Cor. Policy DC-ADM-001 Sec. 1.B.2.[4]

---

[3] Pa. Dept. of Cor. Policy DC-ADM-001 provides for alternate methods of reporting inmate abuse including asserting a complaint or allegation to a facility member or the Office of Special Investigations and Intelligence.

[4] The Third Circuit "has not considered whether a Pennsylvania prisoner can exhaust his administrative remedies through DC-ADM 001, nor what steps would be necessary under that procedure." *Victor v. Lawler*, 565 F. App'x 126, 129 (3d Cir. 2014). However, many District Courts in Pennsylvania assume DC-ADM 001 to be an alternative to DC-ADM 804. *Freeman v. Wetzel*, No. 17-1506, 2020 WL 6730897, at *11 (W.D. Pa. Aug. 6, 2020), *report & recommendation adopted*, No. 2020 WL 5362050 (W.D. Pa. Sept. 8, 2020); *Moore v. Lamas*, Civ.

An analysis of a prison's grievance policy is "essentially a matter of statutory construction," thus a court must begin with the plain language and ordinary meaning of the policy. *See Downey v. Pa Dept. of Corr.*, 968 F.3d 299, 306 (3d Cir. 2020) (citing *Spruill*, 372 F.3d at 232; *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998)).

Keri Moore ("Moore"), the Assistant Chief Grievance Officer in the SOIGA, is responsible for tracking, reviewing, maintaining accurate files of documentation, and addressing final appeals of grievances. (Doc. 36-1, at 2-3). Moore reviewed the files of the SOIGA for grievances appealed by Brockington and determined that he did not appeal Grievance 843434. (Doc. 36-1, at 6).

A review of the record demonstrates that Brockington filed Grievance 843434 on December 30, 2019, asserting claims against Defendants. (Doc. 36-2, at 5). In his grievance, Brockington contends that on the morning of December 30, 2019, Defendants entered his cell

---

A. No. 3:12-CV-223, 2017 WL 4180378, at *9-11 (M.D. Pa. Sept. 21, 2017); *Pressley v. Huber*, Civ. A. No. 3:08-CV-00449, 2018 WL 1079612, at *8 (M.D. Pa. Jan. 11, 2018), *report & recommendation adopted*, 2018 WL 1077300, at *1 (M.D. Pa. Feb. 27, 2018); *Bucano v. Austin*, Civ. A. No. 15-67, 2017 WL 4563948, at *4 (W.D. Pa. Oct. 13, 2017); *McCain v. Wetzel*, Civ. A. No. 1:12-CV-0789, 2012 WL 6623689, at *6 (M.D. Pa. Oct. 26, 2012); *McKinney v. Zihner*, Civ. A. No. 1:CV-01-2088, 2010 WL 1135722, at *6-7 (M.D. Pa. March 23, 2010); *Knauss v. Shannon*, Civ. A. No. 1:CV-08-1698, 2010 WL 569829, at *7-8 (M.D. Pa. Feb. 12, 2010); *Newsome v. Teagarden*, No. 18-317, 2021 WL 702043, at *4 (W.D. Pa. Feb. 23, 2021); *Pirl v. Ringling*, No. 19-208J, 2021 WL 1964461, at *12 (W.D. Pa. Mar. 29, 2021). Although Brockington's allegations involve inmate abuse, he sought redress through the filing of a grievance. (Doc. 36-2, at 4). Further, Brockington does not allege that he pursued an alternate form of reporting the alleged abuse under DC-ADM-001. *Cf. Pril*, 2021 WL 1964461, at *11 (prisoner spoke with several prison officials before filing a grievance and the court assessed his exhaustion issues under DC-ADM-001). Thus, he was required to comply with Pa. Dept. of Cor. Policy DC-ADM-804. (Doc. 36-2, at 4); *see Newsome v. Teagarden*, No. 1:18-cv-317, 2021 WL 1176102, at *10 n. 8 (W.D. Pa. Mar. 29, 2021) ("*Newsome 2*").

to check on him because he was nonresponsive and proceeded to beat him. (Doc. 36-2, at 5). On December 18, 2020, an initial review response was provided to Brockington after an investigation was completed by Security Lieutenant Trevethan ("Lt. Trevethan"). (Doc. 36-2, at 3-4). The response denied Brockington's grievance and stated that "[t]he allegations made [in the grievance] were deemed unsubstantiated and the investigation was satisfactory with BII. Therefore [Brockington's] grievance [was] without merit and denied." (Doc. 36-2, at 4). Records from the SOIGA confirm that Brockington's Grievance 843434 was not appealed. (Doc. 36-1, at 6; Doc. 36-2, at 3).

Comparing the allegations outlined in Brockington's amended complaint and Grievance 843434, both documents appear to reference the same incident as they occurred on the same date and name the same Defendants (Doc. 7, at 4; Doc. 36-2, at 4). Brockington has failed to file any brief in opposition rebutting Defendants' assertion that he did not appeal Grievance 843434 and his complaint is devoid of any similar allegations. (Doc. 7). Thus, the Court concludes that Brockington has failed to appeal the grievance relevant to his complaint under DC-ADM 804.

"[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." See *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). In the absence of competent proof or any allegation that Brockington's administrative remedies were unavailable to him, the Court shall decline to address such an argument. See *Kendrick v. Hann*, No. 1:19-CV-01642, 2021 WL 2914986, at *5 (M.D. Pa. July 12, 2021). As Brockington has failed to respond to Defendants' motion and the Court must construe all materials set forth in Defendants' statement of material facts as admitted, Brockington has failed to demonstrate that his

administrative remedies were unavailable to him so as to excuse his failure to appeal Grievance 843434.

Thus, summary judgment shall be granted in favor of Defendants due to Brockington's failure to exhaust his administrative remedies. (Doc. 37, at 4-7).

### B. Failure to Request Monetary Damages

Further, as Brockington's grievance does not request monetary compensation, his claims of the sort are improper and shall be dismissed. (Doc. 36-2, at 5). Pa. Dept. of Cor. Policy DC-ADM-804 Sec. 1.A.8 states that "[if] the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance." Pa. Dept. of Cor. Policy DC-ADM-804 Sec. 1.A.8. Although Brockington's grievance contains allegations of inmate abuse invoking DC-ADM-001, such grievances shall be *filed* in compliance with Department policy DC-ADM 804, "Inmate Grievance System" and "*handled* in accordance with Department policy DC-ADM 001."[5] Pa. Dept. of Cor. Policy DC-ADM-001 IV.D.2; DC-ADM-804 Sec. 1.D.2 (emphasis added).

This Court has granted summary judgment in favor of the defendants when a prisoner fails to seek monetary damages in his grievance. *See Mobley v. Snyder*, No. 1:13-cv-00772, 2015 WL 5123909, at *8-*9 (M.D. Pa. Sept. 1, 2015) (granting summary judgment in favor of defendants when a prisoner failed to clearly assert a request for monetary compensation in a

---

[5] As noted *supra*, Brockington sought redress for his allegations of inmate abuse through the filing of a grievance. (Doc. 36-2, at 4). Brockington does not allege that he pursued an alternate form of reporting the alleged abuse under DC-ADM-001. *Cf. Freeman*, 2020 WL 6730897, at *14 (prisoner reported assault through three identified avenues in DC-ADM-001 and Defendants failed to meet their burden of proof as to exhaustion regarding the grievance process and the prisoner's request for monetary damages). Thus, he was required to comply with Pa. Dept. of Cor. Policy DC-ADM-804. (Doc. 36-2, at 4); *see Newsome 2*, 2021 WL 1176102, at *10 n. 8.

grievance including allegations of inmate abuse); *Collins v. Walsh*, No. 1:09-cv-1932, 2012 WL 3536803, at *3 (M.D. Pa. Aug. 15, 2012) (granting summary judgment where the plaintiff failed to file a brief in opposition and did not request monetary relief in his initial grievance). "[W]here prison policy requires an inmate who seeks monetary compensation to request that relief in the inmate's initial grievance, failure to do so will bar claims from monetary compensation in federal court." *Camacho v. Beers*, No. 16-1644, 2018 WL 6618410, at *2 (W.D. Pa. Dec. 18, 2018) (citing *Wright v. Sauers*, No. 13-358, 2017 WL 3731957, at *7 (W.D. Pa. Aug. 30, 2017); *Mobley*, 2015 WL 5123909, at *9; *Sanders v. Beard,* No. 13-358 Erie, 2013 WL 1703582, at *6-7 (M.D. Pa. Apr. 19, 2013)). "In cases whether the inmate is seeking compensation . . . he must have requested this relief in his original grievance." *Collins*, 2012 WL 3536803, at *3.

In *Spruill*, the Third Circuit rejected a procedural default claim premised upon an inmate's failure to request monetary relief in his initial grievance because "the grievance policy in effect at that time permitted—but did not require—an inmate to identify the relief sought (including monetary relief) in his grievance." See *Wright v. Sauers*, 729 F. App'x 225, 227 (3d Cir. 2018) (citing *Spruill*, 372 F.3d at 233-34 (DC-ADM 804 at that time stated, "[t]he inmate may include a request for compensation or other legal relief")); *see also Hobson v. Tiller,* No. 1:18-cv-00233-SPB-RAL, 2021 WL 2191282, at *7 (W.D. Pa. May 6, 2021), *report and recommendation adopted*, No. CV 18-233, 2021 WL 2190818 (W.D. Pa. May 31, 2021). After the Third Circuit's decision, the Pennsylvania Bureau of Prisons amended its policy, including mandatory language regarding monetary relief, adhering to what was suggested by the Third Circuit in *Spruill*. See *Wright*, 729 F. App'x at 227; *see also Hobson*, 2021 WL 2191282, at *7. In *Wright*, the Third Circuit upheld the district court's determination that "[the plaintiff]

procedurally defaulted his claim for money damages by failing to request such relief in his grievance" because the "requirement is now mandatory." See Wright, 729 F. App'x at 227; see also Hobson, 2021 WL 2191282, at *7.

At the time Brockington filed Grievance 843434, the Department Inmate Grievance System Policy required that "[if] the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance." Pa. Dept. of Cor. Policy DC-ADM-804 Sec. 1.A.8. Monetary damages qualify as "compensation or other legal relief normally available from a court." Sanders, 2013 WL 1703582, at *6. Thus, Brockington was required to request monetary damages in Grievance 843434. Brockington's initial grievance does not request any relief but states that he is "pressing charges" against Defendants. (Doc. 36-2, at 5). As Brockington failed to request any specific relief in his initial grievance, let alone monetary damages, he may not pursue the claims alleged in his complaint in federal court. (Doc. 1, at 5; Doc. 36-2, at 5).

"Even if an inmate's claim for money damages is procedurally defaulted for failing to include it in the initial grievance, courts still allow claims for injunctive relief to proceed if that was specifically requested in the initial grievance." Hobson, 2021 WL 2191282, at *7 (citing Cunningham v. Zubsic, No. 16-127 Erie, 2019 WL 134209, at *5 n. 9 (W.D. Pa. Jan. 8, 2019) (granting summary judgment in defendant's favor on claims for money damages but allowing a claim for equitable relief to proceed because plaintiff's grievance requested an outside referral to a dermatologist); Tillery v. Wetzel, No. 3:16-CV-0235, 2019 WL 480485, at *6 (M.D. Pa. Feb. 7, 2019) (granting summary judgment on claims for monetary relief but allowing a claim for injunctive relief to proceed)). Here, however, Grievance 843434 did not include *any* request for relief. (Doc. 36-2, at 5).

Defendants have shown, and Brockington does not dispute, that Brockington failed to request the specific relief of monetary compensation in Grievance 843434. (Doc. 36-2, at 5). Thus, Brockington may not pursue an action in federal court based on the claims raised in his procedurally defective grievances because he did not exhaust all administrative remedies with regard to such claims. Accordingly, Defendants are entitled to judgment as a matter of law on all federal claims in this action. *See Newsome 2,* 2021 WL 1176102, at *9 (dismissing plaintiff's monetary damages claims for failure to allege such relief in his grievances involving inmate abuse).

Accordingly, it is recommended that summary judgment be granted as to Defendants' argument that Brockington has failed to exhaust his available remedies as required by the PLRA. (Doc. 37, at 7-8).

IV.   **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment is **GRANTED**. (Doc. 33). Judgment shall be entered in Defendants' favor and against Brockington. The Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

**BY THE COURT:**

Dated: August 5, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**